```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


TORNELLO FONTAINE PIERCE    )
EL-BEY,                     )
                            )
          Plaintiff,        )
     v.                     )         1:13CV285
                            )
STATE OF NORTH CAROLINA,    )
et al.,                     )
                            )
          Defendants.       )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff Tornello Fontaine Pierce El-Bey (a/k/a Noble Man Tornello Fontaine: Pierce El-Bey) (hereinafter, "Plaintiff") has filed a pro se Complaint against twenty-seven defendants, all named in their individual and official capacities. (Complaint ("Compl.") (Doc. 1).) Plaintiff's Complaint alleges twenty-three separate causes of action and seeks, among other remedies, general damages in the amount of $40,000,000 from Defendants, collectively. (Id. at 20-25.) Plaintiff further demands a "GRAND JURY Trial of 12 member(s) of Washitaw Mu'urs Empire." (Id. at 26.)

Defendants the State of North Carolina, Honorable Doug Henderson, Guilford County District Attorney, ADA William Sean Reavis, Honorable R. Andrew Murray, and Mecklenburg County

District Attorney have collectively filed a motion to dismiss. (Doc. 5.) Defendant Mecklenburg County has filed a separate motion to dismiss. (Doc. 13.) Defendants Betty J. Brown, David Churchill, John O. Craig, III, and Thomas G. Foster, Jr., have filed a motion to dismiss. (Doc. 15.) Defendants Guilford County, Guilford County Child Support, Renee Kenan, Denise Lee, CS Agent Victoria Spach, Mark Payne, Guilford County Attorney, and Angela Liverman have filed a motion to dismiss. (Doc. 34.) Defendant Jason Kenneth Purser has filed a motion to dismiss individually. (Doc. 30.) The Honorable Frank Whitney and the United States have filed a motion to dismiss. (Doc. 43.) Lastly, The Honorable N. Carlton Tilley, Jr., has filed a motion to dismiss. (Doc. 48.)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this court will grant all the above-mentioned motions to dismiss. This court will further dismiss Plaintiff's Complaint against all Defendants.

1.  **Factual Background**

This case is at least the third separate complaint filed by this particular Plaintiff, Mr. Tornello Fontaine Pierce El-Bey. See El-Bey v. City of Thomasville, No. 1:11CV413, 2012 WL 1077896 (M.D.N.C. Mar. 30, 2012), recommendation adopted, 2013 WL 5461819 (M.D.N.C. Sept. 30, 2013); El-Bey v. North Carolina

Bd. of Nursing, No. 1:09CV753, 2009 WL 5220166, at *3 (M.D.N.C. Dec. 31, 2009) (dismissing the complaint in its entirety as "frivolous"); recommendation adopted, 2010 WL 3283070 (M.D.N.C. Aug. 19, 2010)(noting that Plaintiff's objections to the Magistrate Judge's recommendation "do not even rise to the level of conclusory and general" and "were virtually incoherent").  As one court has previously recognized, the Washitaw Nation is a notorious organization

> [W]ho attempt[s] to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws. Sanders–Bey v. United States, 267 F. App'x 464, 466 (7th Cir. 2008) (finding that the "Washitaw Nation . . . is not recognized by the United States government"); Bybee v. City of Paducah, 46 F. App'x 735, 736–37 (6th Cir. 2002) (finding that the "Nation of Washitaw" is "fictional"); United States v. Gunwall, No. 97-5108, 1998 U.S. App. LEXIS 18596, at *11 (10th Cir. Aug. 12, 1998) (rejecting claim that the court had no jurisdiction over a member of the Washitaw as "frivolous"); Bey v. Louisiana, No. 08-cv-0250, 2008 WL 4072747 (W.D. La. July 11, 2008) (finding that plaintiff's claim to land as a member of the Washitaw was "patently frivolous" and rested on documents of "dubious legal significance"); Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County, No. 06-CV15625, 2007 U.S. Dist. LEXIS 3199, at *2 (E.D. Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic, and delusional" and finding the complaint to be "indecipherable"); Khattab El v. U.S. Justice Dep't, No 86-6863, 1988 U.S. Dist. LEXIS 544, at *5 (E.D. Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims").

El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009); see Hall-El v. United States, No. 1:11CV1037, 2013 WL 1346621 (M.D.N.C. Apr. 3, 2013), recommendation adopted, El v. Pate, 2013 WL 5213428 (M.D.N.C. Sept. 16, 2013); United States v. $7,000 in U.S. Currency, 583 F. Supp. 2d 725, 732-33 (M.D.N.C. 2008). Similarly, here, Plaintiff's claims arise from what is best described as unfounded interpretations of a number of different statutes and rules, without support in law or fact.

With regard to the actual claims alleged, even liberally construing Plaintiff's Complaint, this court is unable to decipher the majority of Plaintiff's allegations. However, piecing together various statements in the Complaint, it appears this set of allegations originated from Plaintiff's failed litigation in a child support case (Compl. (Doc. 1) ¶¶ 17-27) and/or a traffic violation and resulting arrest (Id. ¶ 44). The remaining allegations in the brief relate, in some capacity, to Plaintiff's affiliation with the Washitaw Empire. The twenty-three causes of action vary widely in scope, ranging from the "forcing of illegal slavery trade," to fraud, to being subjected to "Genocide/denaturalization."

## 2. Analysis

### A. 12(b)(6) - Rule 8 Challenges

Because Plaintiff has failed to meet even the generous pleading standards afforded to pro se plaintiffs, the Complaint must be dismissed.

Rule 8 of the Federal Rules of Civil Procedure provides that pleadings setting forth claims for relief shall contain: (1) a short and plain statement of the grounds for jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Although pro se complaints are held to a less stringent standard than those drafted by attorneys, "[p]rinciples requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The sufficiency of a complaint under Rule 8 is generally tested under Rule 12(b)(6). E.g., North Carolina v. McGuirt, 114 Fed. App'x 555, 559 (4th Cir. 2004). "Even when a plaintiff has paid the full filing fee, the district court retains discretion to dismiss the claims sua sponte." Berry v. Gorman, Civil Action No. 7:12cv00500, 2012 WL 5941488, at *1 (W.D. Va. Nov. 27, 2012); see id. (collecting cases).

Even liberally construed, Plaintiff's vague ramblings and nonsensical claims are so incomprehensible no defendant could possibly be expected to defend this action. E.g., McGuirt, 114 Fed. App'x at 558 ("The complaint before us is both long and complex and fails to state its claims clearly enough for the defendants to know how to defend themselves."); Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996). Because Plaintiff has fallen well short of the requisite Rule 8 pleading standards, the Complaint must be dismissed under Rule 12(b)(6).

**B.    12(b)(6) – Failure to State a Claim**

All Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (See Defs.' Briefs, Doc. 6 at 4-6; Doc. 14 at 1-2; Doc. 16 at 5-6; Doc. 31 at 4-5; Doc. 35 at 7-11; Doc. 44 at 12-13; Doc. 49 at 9-10.)  In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the trial court must accept factual allegations as true. E.g., Erickson v. Pardus, 551 U.S. 89, 91 (2007).  A motion under Rule 12(b)(6) is proper when the complaint's factual allegations fail as a matter of law to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id.  However, a court is not required to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  Id.

Taking Plaintiff's allegations as true, this court is unable to uncover any set of facts stating a plausible claim for relief against any of the named Defendants.  Nowhere among the Plaintiff's conclusory allegations is this court able to untangle facts sufficient to support a single civil wrong. E.g., Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support [the asserted conclusory terms].").  The complaint is impermissibly vague as it fails to state a cause of action against any Defendant and, for many Defendants, fails to show their connection with any particular factual transaction to the extent anything can be discerned from the complaint.  Therefore, this court will grant the motions to dismiss as to each Defendant.

One other issue shall be addressed briefly.  Plaintiff has, in a number of causes of action, alleged violations of various federal criminal statutes.  (See, e.g., Compl. (Doc. 1) at 20-21 (Second Cause of Action alleging a violation of 18 U.S.C. § 1091; Third Cause of Action alleging a violation of 18 U.S.C.

§ 112).) Setting aside the fact that "[t]he Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute'," Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000), Plaintiff's confusing allegations fall short of establishing any plausible facts to state a claim of the alleged violation, and offer no facts which could support a finding that Plaintiff is an individual in whose favor the statute creates a right even if it did exist.

Furthermore, the criminal statutes cited as causes of action bear no basis in law or fact and are patently frivolous. For example, 18 U.S.C. § 1091 relates to genocide; 18 U.S.C. § 112 relates to protection of foreign officials and official guests; 18 U.S.C. § 878 relates to threats against foreign officials; and 18 U.S.C. § 1583 relates to kidnapping or enticing into slavery. (Compl. (Doc. 1) at 20-21.)

**C. Immunity/Lack of Subject Matter Jurisdiction**

While the complaint is subject to dismissal as to each of the Defendants pursuant to Rule 12(b)(6), this court also finds each motion asserting dismissal on grounds of absolute or qualified immunity should be granted for the reasons set forth in each of the briefs. This court will only briefly summarize those matters here.

Plaintiff names two federal judges as defendants and three state judges as defendants. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Plaintiff also names several state prosecutors as defendants. Prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993); see Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity).

Defendants State of North Carolina, Honorable Doug Henderson, Guilford County District Attorney, ADA William Sean Reavis, Honorable R. Andrew Murray, and Mecklenburg County District Attorney have all pled sovereign, or Eleventh Amendment, immunity as a defense. (Defs.' Mem. in Supp. of Mot. to Dismiss (Doc. 6) at 3-10.) Similarly, Defendants Betty J. Brown, David Churchill, John O. Craig, III, and Thomas G. Foster, Jr., have pled immunity under the Eleventh Amendment to the U.S. Constitution. (Defs.' Mem. in Supp. of Mot. to Dismiss (Doc. 16) at 4.) Defendants United States of America and Frank Whitney have pled absolute judicial immunity (Defs.' Mem. in Supp. of Mot. to Dismiss (Doc. 44) at 7-8) and sovereign immunity (id. at 8-9). Defendant N. Carlton Tilley, Jr., United States District Judge for the Middle District of North Carolina

has pled absolute judicial immunity (Def.'s Mem. of Law in Supp. of Mot. to Dismiss (Doc. 49) at 5-6) and sovereign immunity (id. at 6-7).

To the extent Plaintiff sues these Defendants for damages in their official capacities, the action is barred by the immunity doctrines as set out in each of their respective briefs.

### 3. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (Docs. 5, 13, 15, 30, 34, 43, and 48) are **GRANTED** and this action is dismissed. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.

This the 21st day of February, 2014.

/s/ William L. Osteen, Jr.
United States District Judge